**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JENNIFER HALL,

                Plaintiff,

    v.

KOHL'S CORP., and DIVERSIFIED
MAINTENANCE SYSTEMS, LLC,

                Defendants.

Case No.: 24-cv-1194

**Removal of Civil Action from the Circuit
Court of DuPage County
Case No. 2023-LA-001312**

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Kohl's, Inc. ("Kohl's"), re-moves the above-entitled action from the Circuit Court of DuPage County, Illinois, Law Division, to the United States District Court for the Northern District of Illinois, based on the following grounds:

### INTRODUCTION

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the Plaintiff and Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### CITIZENSHIP OF THE PARTIES

2. On December 6, 2023, Plaintiff, Jennifer Hall, filed her Complaint in the Circuit Court of DuPage County against Kohl's and Diversified Maintenance Systems, LLC, alleging that she sustained injuries subsequent to an incident that occurred on December 23, 2022, at a Kohl's department store located in Aurora, Illinois, that was allegedly operated, managed, and controlled by Defendant. (Pl.'s Compl. Ct. I ¶ 2, attached as **Ex. A**.)

1

3. At the time of the subject incident, at the time this action was filed, and at the time of the filing of this Notice of Removal, Plaintiff was a citizen of Illinois.

4. At the time of the subject incident, at the time this action was filed, and at the time of the filing of this Notice of Removal, Defendant Kohl's, was a corporation organized and incorporated in the State of Delaware with its principal place of business located in the State of Wisconsin. (*See* WI Dept. of Fin. Inst. documentation, attached as **Ex. B**).

5. At the time of the subject incident, at the time this action was filed, and at the time of the filing of this Notice of Removal, Defendant Diversified Maintenance Systems, LLC, was a corporation organized and incorporated in the State of Delaware with its principal place of business located in the State of Florida. (*See* DE Dept. of State documentation, attached as **Ex. C**; *see also* FL Dept. of State documentation, attached as **Exhibit D**; *see also* GA Corp. Div. documentation, attached as **Exhibit E**).

6. At all relevant times, including at the time of removal, Defendants were not a citizen of Illinois.

## AMOUNT IN CONTROVERSY

7. The amount in controversy exceeds $75,000 exclusive of interest and cost.

8. Plaintiff's Complaint alleges that as a direct result of Defendants' purported negligence, she:

> was injured, disfigured, disabled, forced to endure past and future pain and suffering, and otherwise suffered the loss of normal life.

(Pl.'s Compl. Ct. I ¶ 15.)[1]

---

[1] The Complaint states that Plaintiff is seeking damages "in excess of $50,000." (Pl.'s Compl.) In fact, Plaintiff's counsel has affirmed that the claimed damages exceed $50,000.00. (*See* Ill. S. Ct. R. 222 Aff. attached to Pl.'s Compl.) The Complaint and accompanying affidavit refer specifically to "$50,000" because that is the jurisdictional limit for the assignment of cases to the Law Division in the Circuit Court of DuPage County. *See* 735 ILCS 5/2-

9. Where a complaint does not expressly state that the amount in controversy exceeds $75,000, removal is proper if the defendant establishes "a 'reasonable probability' that the amount in controversy exceeds $75,000." *Tile Unlimited, Inc. v. Blanke Corp.*, 788 F. Supp. 2d 734, 742 (N.D. Ill. 2011) (quoting *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006)). A court will accept a defendant's "good-faith estimate of the stakes…if it is plausible and supported by a preponderance of the evidence." *Tile Unlimited, Inc.*, 788 F. Supp. 2d at 742 (quoting *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006)). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the jurisdictional minimum], the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Tile Unlimited, Inc.*, 788 F. Supp. 2d at 742–43 (quoting *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011)).

10. It is the defendant's burden "to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Rising-Moore*, 435 F.3d at 816. Further, "[t]he party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Blomberg*, 639 F.3d at 763.

11. The nature and extent of Plaintiff's alleged injuries caused Kohl's to have a good-faith belief that Plaintiff is potentially seeking damages in excess of $75,000. *See Fultz v. Target Corp.*, 28 F. Supp. 3d 783, 785 (N.D. Ill. 2014). To ascertain the extent of Plaintiff's claimed damages and the amount in controversy, counsel for Kohl's sent an email to Plaintiff's counsel on February 2, 2024, requesting that Plaintiff and her counsel execute a stipulation not to seek or accept any award of damages in excess of $75,000, exclusive of interest and costs. (*See* February

1001A. However, it is clear from the totality of available information that the actual amount in controversy exceeds $75,000.

3

2, 2024, email, attached as **Ex. F**.) Kohl's counsel stated that if Plaintiff and her counsel failed to execute the stipulation, Kohl's would remove this action to federal court. (*Id.*); *see Matter of Shell Oil Co.*, 970 F.2d 355, 357 (7th Cir. 1992) (finding that the amount in controversy requirement was settled because plaintiff failed to execute an affidavit confirming that she was not seeking recovery of an amount in excess of $75,000); *accord BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002). Defendant's counsel attached the stipulation to the email for Plaintiff's and her counsel's execution. (*See* Stip., attached as **Ex. G**.)

12. Plaintiff's counsel has not responded to Kohl's and has not executed the stipulation provided by Kohl's.

13. Due to Plaintiff's allegations regarding the extent of her injuries, along with her refusal to execute the proffered stipulation, Kohl's has a good-faith belief that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000) (holding that where a plaintiff "doesn't make such a stipulation, the inference arises that he thinks his claim may be worth more" than $75,000).

### NOTICE OF REMOVAL IS TIMELY

14. Kohl's was served with Plaintiff's Complaint on January 17, 2024. (*See* Kohl's Serv. of Process, attached as **Ex. H**.)

15. Defendant filed this Notice of Removal within thirty days of Kohl's service of Plaintiff's Complaint and Summons; therefore, Kohl's timely removed this matter to federal court. *See* 28 U.S.C. § 1446(b)(1).

16. Kohl's Notice of Removal is also filed within one year of Plaintiff filing her Complaint as required by 28 U.S.C. §§ 1441 and 1446(b)(3).

### JURISDICTION

17. Complete diversity of citizenship exists because Plaintiff is not a citizen of the same state as any Defendant. *WI Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998); *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). The District Court thus has original jurisdiction pursuant to 28 U.S.C. § 1332.

### CONSENT

18. Kohl's was served with Plaintiff's Complaint on January 17, 2024, and it consents to removal to federal court. *See* 28 U.S.C. § 1446(b).

### CONCLUSION

19. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Kohl's will give written notice of the removal to Plaintiff through her attorneys of record, and to the Clerk of the Circuit Court of DuPage County, Illinois.

20. Removal of this action under 28 U.S.C. § 1441(b) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

21. By removing this action to this Court, Kohl's does not waive any defenses available to them in State or Federal Court.

22. Kohl's reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant, Kohl's, Inc., states that this Court has original jurisdiction over Plaintiff's claims and hereby removes this action from the Circuit Court of DuPage County, Illinois.

Dated: February 12, 2024

Respectfully submitted,

By: */s/Mitchell P. Morinec*
Mitchell P. Morinec, Esq. (ARDC No. 6290282)
Lee J. Hurwitz, Esq. (ARDC No. 6309292)
SEGAL MCCAMBRIDGE SINGER & MAHONEY
233 South Wacker Drive, Suite 5500
Chicago, IL 60606
Tel:     (312) 645-7800
Fax:     (312) 645-7711
mmorinec@smsm.com
lhurwitz@smsm.com
*Attorneys for Kohl's, Inc.*

CERTIFICATE OF SERVICE

I certify that on February 12, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and served the foregoing Notice of Removal upon the counsel of record listed below, via email and regular U.S. Mail, proper postage pre-paid, from the offices of Segal McCambridge Singer & Mahoney, Ltd., Willis Tower, Suite 5500, 233 S. Wacker Drive, Chicago, IL 60606:

Matthew J. McCarter, Esq.
KELLY & IGNOFFO LAW GROUP
200 W. Jackson Blvd., Suite 400
Chicago, Illinois 60606
(312) 346-3390
mjm@kellyignoffo.com
*Plaintiff's Counsel*

/s/Mitchell P. Morinec
Mitchell P. Morinec, Esq. (ARDC No. 6290282)
Lee J. Hurwitz, Esq. (ARDC No. 6309292)
SEGAL MCCAMBRIDGE SINGER & MAHONEY
233 South Wacker Drive, Suite 5500
Chicago, IL 60606
Tel:    (312) 645-7800
Fax:    (312) 645-7711
mmorinec@smsm.com
lhurwitz@smsm.com
*Attorneys for Kohl's, Inc.*

7